May it please the court Brian Goldman for Jose Peralta Sauceda and may I reserve four minutes for rebuttal. Yes you may. Thank you your honor. Mr. Sauceda's misdemeanor conviction is not a disqualifying crime of violence because the record of conviction shows that the offense did not quote necessarily involve elements corresponding to a federal crime of violence. Now the government concedes that for that reason this conviction would not count for deportation purposes but the government nevertheless says that this very same conviction is a crime of violence for cancellation purposes. But Moncrief doesn't allow the same conviction to simultaneously be and not be a crime of both the deportation and cancellation contexts. And that's because both statutes use the same term convicted of which has the same meaning throughout the I throughout the INA. And a burden of proof isn't going to affect that analysis because as the Supreme Court said in Malouli this is a purely legal question of what a conviction necessarily established. And that's in contrast to factual questions like the extreme hardship to Mr. Sauceda's U.S. citizen wife and son that the agency found he had met his burden to prove. There's no factual dispute about what this conviction necessarily established. A conviction is deemed as a matter of law to rest on only the least of the acts criminalized. And the burden of proof doesn't affect that because there's never going to be say a 40% or 60% chance that a conviction is qualifying. It's a binary legal question. It's zero or 100. Two questions. One is under what circumstances given your reading of the statute would the immigrant have a burden of producing evidence? Spell out what that case would look like. Certainly, certainly Judge Lynch. So there are let me separate that into two categories. One is as to most of the factors that go into eligibility for relief which involve deeply factual questions like years of presence in the country, like extreme hardship to family members. So Mr. Sauceda bore and satisfied his burden of proof as all of those factual questions. As to matters relating to a conviction, it's there's a separate question about the burden of production which was the court's third question in its order granting rehearing. That question is no longer presented because the government has conceded that the record of conviction is complete here. So there would be questions about it. So yes keep going because you haven't answered my question yet. Certainly. So where the record is complete, so there isn't a question of missing documents or the like, then it really is a binary legal question. So the burden, I'd say there are two ways to think about it. One is that you satisfy the burden by demonstrating what the right legal answer is. So it's a pure legal argument and a burden of proof isn't really going to do much much work either way there. Okay suppose the Shepherd documents, not this case, a show that the domestic assault was in fact a crime of violence. So if the record revealed that the conviction, so this case as an example, if the record said this was intentional causing bodily injury, which under this court's cases would be disqualifying, then the record would necessarily establish a crime of violence. So what does the alien have at that point? So at that point. So it's sort of why is there a discussion of burdens on people? So there isn't a discussion of burdens on people in this context and that's that's part of what we're trying to argue. That a burden of proof was raised in Moncrief but not part of the decision because this is a purely legal inquiry. In your Honor's example, the burden could come into play at that point if for example the non-citizen wanted to say yes I know this this appears on its face to be a complete record of conviction that suggests that I was convicted under one part of the statute and not the other, but in fact that judgment was then vacated on habeas relief because of constitutional grounds. Or but that indictment was constructively amended in the plea colloquy and in fact as part of the plea bargain with counsel's obligations in mind, we actually changed the nature of the plea. At that point, because there is what sure appears on its face to be a record of conviction that looks disqualifying, the non-citizen would bear the burden of showing that that wasn't the final word as to that conviction. So the burden would factor in there. In a rare series of cases. In a rare series of cases as to the narrow class of inquiries having to do with a complete record of conviction. Yes. Well in all cases you have the burden of showing a negative and your proposition is is that you've carried that burden by saying for example I've never been convicted of anything. Stop. Or I've can only thing I've been convicted of is this crime here and here is what it is and here there are no Shepard documents and so it is deemed to be X not Y. That that's correct your honor. Your burden so the text of the statute answers that question. The non-citizen, this is 1229 AC 4a, the non-citizen has the burden of proof to establish that he satisfies the applicable eligibility criteria. So what the relevant eligibility criterion here is that the non-citizen quote has not been convicted of an offense under the relevant provisions. So the case turns on what is the meaning of having been convicted of an offense and that's where the Supreme Court's recent cases supply the answer. There's a very formal definition of what it means to be convicted of an offense as opposed to having committed an offense. And you say that's not what that language in Moncrief it's there it's not dicta it's part of the holding. And the holding is because the same language appears in the removal statute and elsewhere. So two answers to that Judge Lodge. First yes that footnote four of Moncrief is a poor part of the holding. The court says cite incoratory which is a cancellation case that convicted of has the same meaning in both statutes. And we know that that was a central part of the decision in Moncrief because then at page 1692 of the opinion the court actually applies that rationale in saying that having been found not to be an aggravated felon full stop the court didn't qualify that. Mr. Moncrief can apply for cancellation and asylum assuming he satisfies the other eligibility criteria because the court understood it was one inquiry. Okay then my other question is if you are correct that Moncrief essentially decides a portion of this what remedy do you think your client is entitled to? So he is entitled to a remand for further proceedings or the final for a determination as to the final eligibility criterion which is good moral character. This is a very unusual case in that the agency has already determined that he satisfies what are usually the most challenging factors to meet establishing yeah that's where my question was going. Did the BIA actually rule on that point? I know the IJ gave her opinion on that. The BIA hasn't but that's because DHS never cross appealed that issue. I assume DHS was glad to rest on the determination of remand with instructions. Be asking for a remand with instructions that the only remaining determination to make is as to his good moral character which is the final criterion. And would you consider that to be resolved on this record or would the parties be entitled to a new hearing on that point? I think the question could be resolved on on this record. There has already been testimony. I think I think typically it would be the IJ who would make that determination in the first instance and the IJ here combined these two issues and essentially said this conviction is either going to be statutorily disqualifying and essentially therefore determine a lack of good moral character or not but again we understand that the agency would be entitled to make that determination in the first instance. So to just reiterate that the government's argument the crux of the government's argument is essentially that the burden of proof and the presumption are flip sides of the same coin and that is fundamentally wrong. These are two distinct legal rules that operate on two independent dimensions. One doesn't go with the other and and if they did there's no reason that that would be limited to divisible statutes as the government argues. That would be true in all cases in which a conviction arises under an overbroad statute but again we know from Moncrief that that's not the case. I just have a question. Why wasn't the argument made on re-hearing initially? I believe the argument was made initially. No it wasn't. There's a cite to Moncrief in a quote from a Ninth Circuit opinion. There was nothing suggesting that Moncrief actually controlled the outcome of this case. You've been given re-hearing by the panel but it is of concern when we get new arguments made on re-hearing that weren't made initially. Well we are very grateful for re-hearing by the panel. I do believe that the briefing before the panel said that the agency erred in imposing a burden of was made in the briefing before the BIA as well. Thank you your honor. Good morning your honor. Leon Fresco for the government. Your honor to start with this case isn't just about Mr. Salceda. It's about millions of people who are eligible for this exact benefit and there's 4,000 slots only your honor and so what Congress said is if for all of those millions of people trying to get those 4,000 slots we better be absolutely certain that this person wasn't convicted of a criminal offense that's a disqualifying offense. That's why the burden is placed on the petitioner in that situation and that that burden is not only reasonable that's what Congress did and I think a good case that describes all of this is this court's Conte case in 2006 where it says there's no burden of beyond a reasonable doubt it's clear and convincing evidence in the deportability context and the concerns about burdens are done by the Congress in immigration cases. They're not the same in criminal cases as they are in immigration cases and so we look at what Congress did and here Congress changed the burden of proof in the Real ID Act to the alien because it did not want the result that was happening in the categorical approach case where an alien may have convicted they have committed all kinds of egregious conduct but because we couldn't foreclose the remote possibility that one corner of the statute wasn't covered the alien wasn't removed here where we were trying to determine which of the millions of people were entitled to the 4,000 slots we wanted to make absolutely certain that that was a person not convicted of that conduct. Can I ask? Yes. 4,000 slots? Yes your honor there's only 4,000 green cards a year that are given for people in this situation and the slots immediately get filled at the beginning of each fiscal year and then that's it nobody else can be helped at that point your honor. So the BIA has a limit on the number of these? Yes your honor the statute that the correct statute that cites this I'll get you the citation in one second it's 8 USC 1229 B and then little e and it says a total of more than 4,000 aliens in any fiscal year that's the number that can be that can be given this benefit and so what the Congress is saying is you better be extremely careful when you're giving this kind of largesse of taking someone in purely illegal status and moving them to a green card that's extraordinary relief there's no intermediate thing you're giving them a path to isn't convicted of this kind of conduct that's why I'm here today that's because this is a very important case in terms of the equities. Take the problem here you have a record of conviction under a divisible statute. Yes your honor. And one of the two branches of the statute is an aggregated felony and the other isn't. Yes your honor. I think before we implicitly accepted the government's argument that that's all you know is that he was convicted under this and therefore we go to your argument you need to be sure. It seems though that we've been refocused in here in that if all you know is that someone has been convicted under a divisible statute then Moncrief seems to tell us then what we do know is that you have been convicted of the lesser of the two. Your honor I think that's a fundamental misreading of Moncrief and I will explain why. Moncrief was not a divisible statute. Moncrief ends with but there's a lot of divisible parts of Moncrief but the statute ends with possession with intent to distribute and it's not further divisible into possession with intent to distribute for remuneration or not for remuneration. There's not a divisibility and so because the statute is not divisible the court correctly points out in that situation where statute is not divisible there's no way there will ever be a record of conviction that will tell you what happened because the statute is not divisible so we categorically not the modified categorical approach the categorical approach we categorically say the person was not convicted of an aggravated felony which means the analysis is the same. You've met your burden of proof of showing that there is no record of conviction that could ever in a hundred percent of the they can't then say there's an exception to the non-divisible statute which is if you can show that it's divisible and there's a Shepard document then you can pick one of the two divisible tracks. Right your honor but that's by the way one of only three or four possible scenarios here so first yes we could look at the Shepard documents but that's not the only evidentiary issue that comes up in these kinds of cases. But pause on that what if what if the Shepard document. So the alien is being asked by the way that was Judge Lynch's question at the beginning and there was a fundamental misunderstanding of the burden so I want to take you through how the burden works I'm gonna answer your question I promise in two seconds but the burden starts on page 642 of the record the alien has to fill out an application and they're asked did you commit any crimes give us all the records and information that's what that's how the burden starts if they don't give the information and there is the information they can be denied just on that or they lied about the conviction they said so that's they have the burden they have in this and the statute says you have to comply with all instructions that you're given on all applications that's in the statute so if the alien doesn't produce documents that are available to the alien the alien loses in that case if the alien says I tried like in this case and there are no documents what the burden of proof is saying is you have not met your burden to show that this case sorry a bodily injury one instead of on a physical I can understand that point if you were saying you haven't shown that you didn't commit correct you didn't engage in certain conduct but the statutory term is conviction if all there is if the only official record that exists or ever existed is a conviction for a divisible crime a and B how can we say that the person was anything more than because the Congress has asked you to do this you the problem with this analysis is it presumes that Congress has asked for the same analysis as the deportability the deportability analysis that is just false your honor Congress does not want that analysis which we're so used to and I understand we're used to it so we keep thinking that's the analysis that is not the analysis in this case Congress wants a different analysis it wants the plaintiff to foreclose that they have not been convicted and so they have to produce a document that says I was convicted of offensive contact not a bodily injury just like we the government have to produce a document if we want to remove him on the removable ground that he was convicted of offensive bodily injury instead of offensive if you show you were convicted of a crime that's correct that's why Moncrief is different because okay but now if you show that you were convicted of a divisible crime yes and you've shown that there are no shepherd documents haven't you shown to a hundred percent certainty that the only crime you were convicted of is the lesser no that's see that's I think a fundamental distinct distinction between Judge Watford's decision and Almanza which is court sites and and this which was in Almanza Judge Watford was appropriately concerned with that the alien had done what was called a West plea or what is known here as an Alford plea where you say I'm playing to the bare minimum that it takes to get me out of this and so when you when you plead to the bare minimum Judge Watford said in that instance where you pled to the bare minimum you've met your burden but that's different than here where if we had documents and I think one of the best documents is why isn't Mr. South asking his attorney to say what he pled to at the hearing he has a criminal defense attorney why isn't he asking if he could produce that evidence and say I never pled to any of this conduct why is it that they're an affidavit from the prosecutor or from you know a court reporter why are we trying to find the court reporter this is this is extra information that is relevant here and Congress is putting this burden because of the fixed amount of slots and the millions of people who qualify for this imagine if we actually have people who are these criminals and then they commit this act again and people who were meritoriously benefited counsel two things first you've given yourself an escape hatch why didn't he produce his lawyer why didn't he produce the prosecutor you've agreed that there are no shepherd documents and you've agreed therefore it that there's no way on the shepherd documents to resolve the question of which branch of the divisible statute is involved I would understand your argument more if we weren't faced with Moncrief which seems to have been the Supreme Court's answer to Congress you've used this term convicted of in a lot of different places we're going to give you a meaning on it whenever we have a question of which branch of a divisible statute is involved you keep telling me Moncrief is distinguishable it's not it's not distinguishable it just doesn't answer the question they don't go through the burden of proof analysis that the six courts previously that this court cited went through and that's because the issue wasn't raised because the issue wasn't appropriate to be raised it was a categorical approach case your honor where that means that a hundred percent of the time the alien was not convicted but let me just go through why that there are many other instances for instance suppose the plaintiff hands you a shepherd document he says this is the court reporter transcript of the plea hearing and it says I pled to the lesser offense and the government says wait a second that's from a court reporter that doesn't even exist they question now there's gonna be an evidentiary issue in that case is this a correct court reporting or is this not this isn't purely a legal question and they might get a clerk to say this court reporter never works agreed but that's not this case well but but your honor a statute has to be interpreted uniformly in all instances another one is foreign convictions your honor in foreign convictions we can't just look at a statute and say well what's this foreign conviction about does it fit or not a lot of times you'll have countries where the statute just says terrorism and you say oh my god this person was convicted of terrorism and they'll say but in my country terrorism is speaking out in the public square against the government and you won't be able to find that in any legal code they'll have to provide evidence that shows that in that country people can get prosecuted for terrorism for speaking out against the government in a public square that will be an evidence-based analysis your honor and so what the statute is saying is this entire analysis is evidence-based and not like Moncrief where there's a 100% chance that the person wasn't convicted and so we don't have this burden of proof here we have a 50% chance essentially that this person was convicted of a disqualifying offense and what we did what we the government said yes there's no documents right now that doesn't mean there were never any documents we don't know we actually do know there weren't well we are taking Mr. Zalceda at his word that what the court told him is true in that situation it is his burden of proof to come up with this information okay yes your honor and what we're saying is so what the Congress said which in the Conti case this court in 2006 said it's not for us to disregard the burden that Congress made and so what Congress said your honor is in a case like this if it's reasonable here's the point could Congress have passed a statute that said we don't like how the categorical approach works this makes no sense so when I believe it in 1996 the categorical approach actually sort of didn't exist in 1996 yeah but that this was passed in 2004 your honor okay the real idea yeah and so what so so what I'm said this this new statute that puts the burden of proof on the plaintiff and so what the Congress so if Congress wanted to pass a statute that said when we apply the modified categorical approach if it's inequitable ways the alien loses they could have passed that statute there's nothing in the Constitution that prevents that and so the question is did Congress pass that statute yes Congress passed that statute it made it acted said and I will give you the the key line here it said in the legislative history of this statute which is located in sorry Senate report sorry House report 10907 to it says this new paragraph codifies that an alien applying for relief or protection from removal bears the burden of satisfying the eligibility requirements for that relief or protection and that he or she merits that relief as a matter of discretion if the relief is discretionary they're saying that they're putting the burden on all of the eligibility requirements and in the cancellation of removal context one of the eligibility requirements is that I was not a person who committed a crime of domestic violence usually what do you understand the rule in Moncrief to be the rule in Moncrief is that if there is a non-divisible statute meaning the statute cannot be sliced up into disqualifying and qualifying offenses then the alien can't be deported under that rule whether it's in the cancellation context or the cancer or the non-cancellation it's not if there's a divisible statute who has the burden when the case is in equipoise that issue was not discussed the BIA has discussed that in this case and in a lot of presumption what you say your honor is there a presumption under the statute no there's no presumption under the statute in fact that Moncrief what it says here are the exceptions to the categorical approach one of them being the modified categorical approach and I think it would be a very difficult proposition to take one footnote in Moncrief a case about the categorical approach that does not discuss at all what Congress did the burdens or anything else and say that this resolved the issue when six circuit courts have resolved it the other way there's just no basis upon which to make that decision I believe just a question I'm sorry yes you're you're basically saying is that if there's a conviction under a divisible statute and that's it that's all we know that's what Congress intended that's not what I'm saying that's what Congress you the you ask us to say therefore we don't know what he was convicted of what I'm without Shepherd doctor what I'm asking you to do is what Congress asked you to do which is to say the alien does not get this extreme benefit no no but that all begs the question of whether when you have a record of a conviction with no Shepherd documents that is a conviction for the lesser or that is a conviction for a or B you don't know right the alien does not that not this group what what what do you point us to in any context where a conviction under divisible statute without any Shepherd documents is deemed to be a conviction of either a or B we don't know I can't point you to anything because all of the cases where this comes up your honor are deportation cases where the government has the burden by clear and convincing evidence but I can point you to the six circuit court decisions that you've cited six circuits without any being in the opposite because the Second Circuit has the same categorical analysis issue where they say and they defer to the BIA reasonable interpretation of the statute that Congress in a case where it's an equipoise said we don't want someone who was potentially just as likely to have committed a disqualifying offense as not to receive cancellation of removal we want a person with a clean record getting it no your honor but here's an important point remanding based on that I think would be inappropriate here because the BIA brief in this case was filed December of 2013 and Moncrief came out in like May or June of 2013 and so the issue wasn't raised here and so to be remanded back for a Moncrief analysis I think would be inappropriate because that argument could have been made to the BIA in December or in these briefs here or anywhere else your honor so I don't think we should now after the fact go back and do this all over again failure to exhaust yes your honor yes your honor but I would just say so when judge Kayada just to finish that question what cases do I cite I cite the six cases that are all on our side and I say don't cite the removal cases because the removal cases place the burden on the government of course then you can't do it then that's why but Congress chose a different path here yes your honor if the case is that important as you started what is the harm in getting the agency's view I mean again I would say I would say the harm would just be in encouraging these things to get further area you know error error rated at the time they're at the BIA because what this does is it sort of encourages people to prolong their cases yes yes yes your honor but from a larger perspective here's what I would say if you're worried about will this issue ever get articulated again I don't think you have to worry about that the BIA will you know is coming soon with all this issue will be raised before the BIA very soon in any number of court contexts so the BIA will decide this issue it's a that is an inevitable point because people are now making this argument but this argument could have been made in December of 2013 and I'm certain this case then could end up back here again but it doesn't have to be for that argument and who didn't make it for we're now 2016 for three years this argument wasn't made your honor yes it's unfortunate yes thank you your honor thank you your honors four points in rebuttal if I may first my friend has made several references to the four thousand spots available for cancellation just to be clear the question here has to do with the burden of proof to establish eligibility for every form of relief including asylum which of course has no ceiling and forms of relief under the Violence Against Women Act and several other areas of immigration law moreover the fact that these forms of relief are ultimately discretionary we is in favor of an under inclusive approach not an over inclusive approach the Supreme Court has said that twice now in Carachuri and in Moncrief that to the extent that there is concern about keeping out the truly bad actors and not giving them this extraordinary relief that can be handled at that second discretionary phase of the analysis which in this case was where the IJ found that the equities were particularly powerful and favorable in favor of mr. South Seda second my friend may have mentioned both of a 50% certainty and equipoise and just to be clear and I think judge chaotic question was getting at this that is an impossibility in this context where there's never going to be equipoise because the conviction is not disqualifying until the record suggests otherwise let me let me let me pose the hypothetical that I think I hear the government saying which is someone stands up in a courtroom and pleads guilty and they say I am pleading guilty to say it right out loud I'm clean being guilty to the aggregated form of this offense there's no transcript prepared no documents two years later and there was zero Shepherd documents I think the government would say that person was convicted of the aggregated offense we just can't prove it one way or the other I think you would be saying that not withstanding what he said in the courtroom since there are no Shepherd documents he wasn't convicted of what so that would be a case more like one involving a missing transcript or such which again there's no dispute here that that isn't involved but well there must be something missing here or is it done with no tape recording no nothing we don't know we we don't know and again this is a misdemeanor in offense state record-keeping practices and in misdemeanor cases in particular are fairly unreliable because something could be missing in the sense it used to exist but doesn't anymore here it seems that that isn't the case not only because the government concedes as much but also because mr. Sassier went to ask at the court in the period in which they would keep whatever records had ever been so then let's assume there was never anything but the reality is that in the courtroom he pled guilty to the aggregated offense if that were the reality then I think your logic would be in fact it's not the legal reality because unless there's a Shepherd document we don't care what happened in the courtroom that's correct and that's again because of this formal definition of what it means to be convicted this is what Shepherd itself says and then immigration cases applying Shepherd as well as the many the centuries worth of free Shepherd immigration cases going back to Ellis Isla Vera cases that say we are limited to understand what a non-citizen was convicted of the only way to answer that is by looking to the record of conviction what may have been the theory of the case in the facts that may have been discussed at some point in the process are irrelevant it's only what the record of conviction shows that establishes a conviction in this narrow sense and again to be clear the underlying facts are all fair game at the discretionary phase there can be inquiry there can be after-the-fact fact-finding at that stage where all of the equities get balanced but in yes but he made the argument Congress wanted to be very strict on this you counter with the Supreme Court's if you've got a discretionary aspect after the entitlement you ought to be very careful about disentitling people his main argument is Moncrief does not apply in this situation now I've raised the agency so it can consider the effect of Moncrief on its prior policy what is your position on that so we don't believe that's necessary obviously the court has the discretion if it wishes to but you don't believe you've waived it certainly not and the government hasn't raised a failure to exhaust argument until I hear some threads of that in its oral presentation today I sitting there I didn't have time in the 30 seconds to to find the precise areas of the record because the government hasn't raised this but yes absolutely Mr. Sauci before the board said that the agency erred in its application of the burden of proof the agency was at the time of course bound by its published decision in matter of Almanza so there's not much that the agency could have done in any had it had Moncrief been explicitly raised and the arguments you are now making presented earlier in this case as a challenge to its prior decision you don't you think they would have ignored the argument I can't speculate on what the agency would have done with with the argument but again the agency has continued to apply its precedent in matter of Almanza in in the time since well of course it has until it's asked to address that that doesn't get you very far and again if the court prefers to remand that is absolutely within its discretion I do think this is a pure question of law as to which the agency is entitled to no deference and in those circumstances there is no obstacle to the court passing upon the legal question itself just as in Moncrief is there any effort to remove the petitioner at this point no not at this time there were a couple other pieces of your question judge lynch and I could have a moment just to finish the answer to them so your honor asked about the fact that Congress wanted to impose this high bar and I just want to be very precise about what our argument is we are not disputing that there is a burden of proof that is on the non-citizen the question is just what it means to satisfy that burden of proof and when Congress amended the INA in the Real ID Act and in one of the several other times that Congress amended the INA since the term necessarily was introduced in court decisions in the teens it has not once changed the meaning of conviction in the relevant sense so again no question he bears the burden but what is it that he bears the burden to prove he does not have to show affirmatively that he was convicted of intentional or knowing causing bodily injury all that he has to show is that he he was not quote necessarily convicted of those higher offenses part he was convicted of only offensive touching he he has to show that he was not necessarily convicted of the higher offenses we asked you to grant the petition thank you thank you